NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY LANE,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>        Defendant. | Civ. Action No. 16-8948<br><br><br><br><br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I.    INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff Corey Lane's motion seeking a preliminary injunction to "enforce [his] unsupervised visits and [his] unsupervised physical custody of [his] [four] children." D.E. 18 at 3. Defendant State of New Jersey filed an opposition brief to Plaintiff's motion. Plaintiff did not file a reply brief.[1] The Court considered the written submissions of the parties and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, the Court denies Plaintiff's motion for a preliminary injunction.

## II.    BACKGROUND

---

[1] The Court had set a briefing schedule requiring that if Plaintiff chose to file a reply brief, he must do so on or before April 4, 2017. D.E. 19. As of the date of this Opinion, Plaintiff has not filed a reply brief.

Plaintiff filed this motion for a preliminary injunction seeking unsupervised visits and physical custody of his four children. D.E. 18 at 3. According to a state court order, it appears that Plaintiff's children live with their mother and that Plaintiff "is restrained from all unsupervised visits with the minor children." D.E. 18-3 at 7. Plaintiff's Complaint alleges that the state court unlawfully deprived him of his parental rights. Plaintiff's Complaint asserts causes of action under 42 U.S.C. § 1985, the New Jersey Civil Rights Act, and 42 U.S.C. § 1983.

### III. LEGAL STANDARD AND ANALYSIS

"A preliminary injunction is an extraordinary remedy that should be granted only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). In order for the Court to grant a preliminary injunction, the plaintiff is required to establish all four elements. *Id.*

Here, Plaintiff fails to present any evidence or argument to establish the four elements. The only evidence submitted by Plaintiff is his own declaration where he claims that the state court wrongfully conducted a "best interests" analysis in revoking his parental rights and that the State of New Jersey is engaging in a "malicious tactic . . . to keep the bond between [Plaintiff] and [his] children hostage in order to get a false admission of guilt . . . by forcing [him] to go to therapy." D.E. 18-2 at 3. Moreover, Plaintiff did not submit a brief and therefore offers no argument or legal support whatsoever as to why the preliminary injunction elements are satisfied. The Court sees no basis to provide emergent relief under these circumstances.

For those reasons, Plaintiff's motion for a preliminary injunction is denied.

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion for a preliminary injunction is denied. An appropriate Order accompanies this Opinion.

Dated: April 6, 2017

John Michael Vazquez, U.S.D.J.