NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

COREY LANE,

*Plaintiff,*

v.

STATE OF NEW JERSEY,

*Defendant.*

Civ. Action No. 16-8948
(JMV) (JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

On March 18, 2019, the Court dismissed *pro se* Plaintiff Corey Lane's claims against Defendant State of New Jersey and closed the case.[1] D.E. 132. Presently before the Court are two motions and two letters filed by Plaintiff following the Court's March 18, 2019 Opinion & Order. D.E. 134-35, 138, 141. First, Plaintiff filed a motion to stay pursuant to Federal Rule of Civil Procedure 62(d), D.E. 135, which Defendant opposed, D.E. 137. Second, Plaintiff filed a motion to alter or amend judgment, D.E. 134, which Defendant opposed, D.E. 136. Third, Plaintiff filed a letter requesting that the Court order the Clerk of the Court to "docket my May 1, 2018 Motion for Default Entry and my May 3, 2018 Motion for Default Judgment and make their docket dates reflect the date of their original filing." D.E. 138. Defendant opposed the letter, D.E. 139, and

---

[1] Plaintiff mentioned other involved individuals as parties in his Amended Complaint, but did not serve them. He only served the State of New Jersey.

Plaintiff replied, D.E. 140. Fourth, Plaintiff filed a letter requesting that his case be reopened, D.E. 141, which Defendant opposed, D.E. 142.

For the reasons that follow, Plaintiff's motions and letter requests, D.E. 134-35, 138, 141, are **DENIED**. Any future motions to alter or amend judgment or for reconsideration would be futile. Plaintiff noted in his April 25, 2019 letter, D.E. 138, that "[i]f my Motion for Entry of Default and Default Judgment was docketed in May of 2018 my case would have been over and my children and I would have been reunited" and "I would not be in jeopardy of losing my home and becoming homeless." D.E. 138 at 2. However, that is not the case. As this Court explained in its prior Opinion & Order, D.E. 132, sovereign immunity applies to New Jersey in this matter and, therefore, this Court lacks jurisdiction to resolve Plaintiff's claims against New Jersey. D.E. 132 at 8-9. No matter what motions or requests Plaintiff files, this Court will not have the authority to resolve Plaintiff's core issues with the State related to his children.[2]

## I.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Court included an extensive factual background and procedural history in its March 18, 2019 Opinion & Order, D.E. 132, which the Court incorporates by reference here.

## II.  MOTION TO STAY

On March 21, 2019, Plaintiff filed a motion to stay pursuant to Federal Rule of Civil Procedure 62(d). Plaintiff states that he is "requesting for this stay to be granted in order to secure my rights, possibly before the appellate court's decision since the Defendant's letter requesting reinstatement of their Motion to Dismiss was granted by Magistrate Judge James B. Clark." D.E.

---

[2] Plaintiff does have an apparent avenue of relief, that is, the New Jersey state court system.

135 at 5.[3] It appears that Plaintiff is either requesting a stay of the Court's Letter Order granting Defendant's request to reinstate its motion to dismiss, D.E. 113, or of the Court's March 18, 2019 Opinion & Order, D.E. 132.

Defendant opposes Plaintiff's motion to stay and notes that Plaintiff's motion "should be denied as [Plaintiff] has not yet filed an appeal in this matter." D.E. 137 at 2. Additionally, Defendant argues that the motion should be denied since Plaintiff "fails to meet the four (4) factors to justify a stay" pursuant to Federal Rule of Civil Procedure 62(c). *Id.*

Federal Rule of Civil Procedure 62(d), the rule on which Plaintiff bases his motion, provides as follows:

> **Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
> (1) By that court sitting in open session; or
> (2) By the assent of all its judges, as evidenced by their signatures.

Fed. R. Civ. P. 62(d). In order for a motion to be granted pursuant to Rule 62(d), there must be "an appeal pending from an interlocutory order or final judgment." *Id.* However, when Plaintiff filed this motion, no appeal was pending. Therefore, there was no basis in law for Plaintiff to file a motion to stay pursuant to Rule 62(d). The Court denies Plaintiff's motion.

### III. MOTION TO ALTER OR AMEND JUDGMENT

On March 22, 2019, Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). D.E. 134. Plaintiff requests that the Court "alter or amend judgment

---

[3] As to Plaintiff's filings, the page numbers cited herein reflect the page numbers of each file at large as opposed to the page numbers as labeled by Plaintiff.

3

Granting Defendant's Motion to Dismiss ... by reissuing an order demanding the clerk to restore my now terminated case and administratively terminating the Defendant's Motion to Dismiss with prejudice." D.E. 134 at 3. Plaintiff alleges that Magistrate Judge Clark's Order reinstating Defendant's motion to dismiss, D.E. 113, was "beyond the statutory authority of a Magistrate Judge." D.E. 134 at 4. Plaintiff relies on 28 U.S.C. § 636(b)(1)(A), which outlines the jurisdiction and powers of magistrate judges, as the basis of his motion. Section 636(b)(1)(A) provides as follows:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).

Defendant opposes Plaintiff's motion. D.E. 136. Defendant argues that under section 636(b)(1)(A), magistrate judges are permitted to determine non-dispositive matters pending before the court. D.E. 136 at 11. Defendant notes that while Magistrate Judge Clark did reinstate Defendant's motion to dismiss, "the State's Motion to Dismiss Plaintiff's First Amended Complaint was decided by the Honorable John Michael Vazquez, U.S.D.J.[.]" *Id.* Defendant also argues that Plaintiff "fails to meet the standard for reconsideration under L. Civ. R. 7.1(i), as [Plaintiff] does not identify any dispositive factual matters or controlling decisions of law in his Motion[.]" *Id.* at 11-12.

The Court agrees with Defendant. It is clear under section 636(b)(1)(A) that magistrate judges may not "hear and determine" motions to dismiss for failure to state a claim. 28 U.S.C. § 636(b)(1)(A). Judge Clark, however, did neither. He merely reinstated the motion to dismiss,

4

which the undersigned then decided. Since Magistrate Judge Clark did not step beyond his statutory authority, the Court denies Plaintiff's motion to alter or amend its March 18, 2019 Opinion & Order.

## IV. APRIL 25, 2019 LETTER REGARDING MOTIONS FOR DEFAULT ENTRY AND DEFAULT JUDGMENT

Plaintiff filed a letter requesting that the Court order the Clerk of the Court to "docket my May 1, 2018 Motion for Default Entry and my May 3, 2018 Motion for Default Judgment and make their docket dates reflect the date of their original filing." D.E. 138 at 1. Plaintiff states that "the court clerk never entered neither motion on the docket and now my case is in jeopardy of being terminated without justice." *Id.* Plaintiff claims that on May 1, 2018, he filed a motion for entry of default and on May 3, 2018, he filed a motion for entry of default judgment. *Id.* at 3. Plaintiff claims that both motions were "received by the Defendants Attorney." *Id.*

In fact, docket entry 102, which contains multiple documents filed together by Plaintiff, contains both a motion for entry of default and a motion for default judgment. D.E. 102 at 4-6, 58-59. Specifically, pages 4-6 contain a letter dated May 1, 2018 requesting an entry of default judgment pursuant to Rule 55(b) and pages 58-59 contain a second letter dated May 1, 2018 requesting an entry of default pursuant to Rule 55(a). D.E. 102 at 4-6, 58-59. Therefore, it appears that both Plaintiff's letters for entry of default and for default judgment were publicly filed and "docketed" by the Clerk's office in the same docket entry on May 1, 2018, contrary to Plaintiff's allegation that "the court clerk never entered neither motion on the docket." D.E. 138 at 1. Following Plaintiff's filing, Magistrate Judge Clark issued an Order denying Plaintiff's motion for default judgment because "there is no proof or indication that Plaintiff's operative pleading was served upon any Defendant in this matter." D.E. 103 at 1.

5

The Third Circuit has twice addressed this issue in response to the two writs of mandamus filed by Plaintiff. *See In re Lane*, 748 F. App'x 484 (3d Cir. 2019); *In Re Lane*, 740 F. App'x 768 (3d Cir. 2018). In both instances, Plaintiff filed petitions for writs of mandamus requesting that the Third Circuit direct this Court to rule on Plaintiff's "separate motions for default judgment that he allegedly filed on May 1 and 3, 2018." 748 F. App'x at 484-85; 740 F. App'x at 768. In both per curium, non-precedential opinions, the Third Circuit denied Plaintiff's mandamus petitions and clearly directed Plaintiff that if Plaintiff "believes that the failure to docket his May 3 motion was in error (despite the District Court's order denying his motion for entry of default judgment, see Dkt. #130), he may raise that issue in the District Court." *Lane*, 748 F. App'x at 485 (quoting *Lane*, 740 Fed. App'x at 769). Plaintiff is now raising this precise issue. D.E. 138.

As noted, Plaintiff's motions for entry of default and for default judgment were filed by the Clerk's office on May 1, 2018. D.E. 102. It appears that each motion was not docketed in a separate, labeled docket entry as a result of Plaintiff's disorganized method of filing sixty-three pages containing various documents with the Clerk of the Court. However, both motions were nevertheless filed on May 1, 2018, which appears to technically resolve Plaintiff's issue in this letter request.

The Court does note that in this letter, D.E. 138, Plaintiff appears to attempt to resolve the issue of improper service brought up by Magistrate Judge Clark's May 2, 2018 Order denying Plaintiff's motion for default judgment. Specifically, Plaintiff attaches mail return receipts as proof of service for both motions. D.E. 138-15. Given Plaintiff's *pro se* status and pursuant to Local Civil Rule 5.1(b), the Court allows this delayed proof of service to be supplied as to Defendant New Jersey. *See* L. Civ. R. 5.1(b) ("The Court may at any time allow the proof of

service to be amended or supplied unless it clearly appears that to do so would result in material prejudice to the substantive rights of either party.").

However, since providing proof of service, Plaintiff has failed to renew his motion for entry of default. As a result, the Court denies Plaintiff's request. Furthermore, Plaintiff has failed to demonstrate how Defendant New Jersey could be held liable in light of sovereign immunity and the Eleventh Amendment. Therefore, it would be futile for Plaintiff to renew his motion for entry of default because Plaintiff has not demonstrated that he would be entitled to default judgment for his claims.

## V. AUGUST 28, 2019 LETTER REQUESTING RECONSIDERATION

Lastly, Plaintiff filed a letter requesting reconsideration on August 28, 2019. D.E. 141. Plaintiff states, "I am asking this court to reopen my case for the sake of justice being that the court received my Amended Complaint before the March 19, 2019 Deadline and the Defendants attorney acknowledged that he would respond to the Amended Complaint[.]" *Id.* at 1. While Plaintiff refers to a "2019" amended complaint in his letter, he attaches an email correspondence between himself and the State's attorney dated March 2018 to support his claim that Defendant received the amended complaint in March 2018. It appears that Plaintiff mistakenly wrote 2019 instead of 2018 in this August 28, 2019 letter, and the Court proceeds as such.

Plaintiff raised this precise issue in Plaintiff's October 30, 2018 motion to alter or amend the Court's October 23, 2018 order reinstating the State's motion to dismiss. *See* D.E. 114. The Court resolved the issue in its March 18, 2018 Opinion & Order, D.E. 132, and reaches the same conclusion now: since Plaintiff did not properly file or serve the amended complaint, the Court denies Plaintiff's motion.

## VI. CONCLUSION

In conclusion, this Court **DENIES** Plaintiff's motion to stay, D.E. 135, motion to alter or amend judgment, D.E. 134, letter requesting the Court order the Clerk of the Court to docket a May 1, 2018 motion, D.E. 138, and letter requesting reconsideration, D.E. 141. As previously explained, any motions to alter or amend judgment or motions for reconsideration in this matter would be futile since the Court lacks authority over Plaintiff's claims against Defendant New Jersey.

For the aforementioned reasons and for good cause shown,

**IT IS** on this 26th day of December, 2019, hereby

**ORDERED** that Plaintiff's motion to stay, D.E. 135, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to alter or amend judgment, D.E. 134, is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter requesting the Court order the Clerk of the Court to docket a May 1, 2018 motion, D.E. 138, is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter requesting reconsideration, D.E. 141, is **DENIED**; and it is further

**ORDERED** that a copy of this Opinion & Order shall be mailed to Plaintiff via regular and certified mail return receipt requested.

*[signature]*
John Michael Vazquez, U.S.D.J.